# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JOEY RAMOS,**  *Plaintiff* | § § § |
| **v.** | § § §   Case No. 1:22-CV-671-RP-SH |
| **720 LAMAR PLACE L.C.,**  *Defendant* | § § § |

## ORDER

Before the Court are Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. 1) and Complaint (Dkt. 1-2), both filed July 8, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

### I.  Motion to Proceed *In Forma Pauperis*

Plaintiff Joey Ramos, who is represented by counsel, seeks leave to file his Complaint without having to pay the filing fee. After reviewing his Application and financial affidavit in support, the Court finds that Plaintiff is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Accordingly, the Court **HEREBY GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 1) and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

## II.   Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff, who is disabled and uses a wheelchair, alleges that in December 2021, he "attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron to the Gulf Gas Station located at 720 Lamar Pl, Austin, TX 78752" (the "Property"). Dkt. 1-2 ¶ 9. Plaintiff alleges that physical barriers to access and dangerous conditions on the Property precluded his access to the Property. *Id.* ¶ 22. Plaintiff alleges that he visited the Property as a patron and as a "tester" and advocate for the disabled. *Id.* ¶ 7. Plaintiff alleges that he lives within 30 miles of the

Property and intends to revisit it. Plaintiff filed this lawsuit against Defendant 720 Lamar Place L.C., the "owner, lessor and/or operator/lessee" of the Property, for declaratory and injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181. *Id.* ¶ 10.

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination under this section includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). To state a claim under Title III of the ADA based on a failure to remove architectural barriers, a plaintiff must allege that (1) he is disabled; (2) the defendant owns, leases, or operates a place of public accommodation; (3) the plaintiff encountered architectural barriers prohibited under the ADA; and (4) the removal of the barriers is readily achievable. *Prim v. Stein*, 6 F.4th 584, 595 (5th Cir. 2021); *Kramer v. Brodie Oaks Ctr., Ltd.*, No. A-13-CA-670 LY, 2014 WL 690629, at *6 (W.D. Tex. Feb. 21, 2014).

The Court finds that Plaintiff's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Accordingly, the undersigned does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

### III.  Conclusion

The Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 1) and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on July 28, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE